UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-80273-CIV-RYSKAMP/VITUNAC

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ONE HUNDRED SIXTY-FOUR THOUSAND
ONE HUNDRED DOLLARS IN UNITED
STATES CURRENCY,

        Defendant.
_____/

**ORDER DENYING CLAIMANT'S MOTION TO RECONSIDER**

        THIS CAUSE comes before the Court upon Claimant's Motion for Relief from Judgment or Order Pursuant to Fed. R. Civ. Pro. 60 **[DE 24]** filed on September 12, 2007.  Plaintiff responded **[DE 25]** on September 19, 2007.  Claimant did not file a reply.  Thus, the motion is now ripe for adjudication.

**Introduction**

        This case involves a foreclosure action.  Plaintiff filed a complaint in this action and effected service by publication on April 30, 2007.  Claimant argues that he owns defendant, $164,000.00.  Accordingly, he filed a verified claim **[DE 7]** on May 11, 2007 and amended his claim **[DE 12]** on May 17, 2007.  Claimant never filed an answer.  As noted in this Court's prior order, Claimant must file an answer within twenty days from the date that he filed his claim.  Claimant failed to answer.  Plaintiff filed a motion to Strike, that this Court granted **[DE 21]** on September 10, 2007 and entered final judgment.  Claimant now seeks relief from final judgment.

**Analysis**

Federal Rule of Civil Procedure 60(b) exists to attempt to strike a balance between the interest in bringing cases to a close and an interest that, in all case, justice must be done. *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005).  Under Rule 60(b), a party may be entitled to relief from an order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  Fed. R. Civ. P. 60(b).  The moving party "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Sussman,* 153 F.R.D. at 694.  A motion for reconsideration should not be used as a vehicle to reiterate arguments previously made or to present issues or cite authorities the party should have presented prior to the court's ruling.  *See Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992); *Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 686 (M.D. Fla. 1996).  In other words, a party should not use the motion to reconsider to request that the Court rethink "what it already thought through – rightly, or wrongly[.]" *Z.K. Marine*, 808 F. Supp. at 1563.  A motion for reconsideration should be used in order to prevent manifest injustice; nevertheless, it is an extreme measure, and substantial discretion rests with the court in granting such a motion.  *See, e.g., O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).

**Applicability of Rule 60(b)(1) or Rule 60(b)(6)**

It appears that Claimant seeks relief under both Rules 60(b)(1) for excusable neglect and 60(b)(6) for counsel's gross negligence. These two theories are mutually exclusive. *Id.* Thus, this Court must initially determine which rule is at issue.

Claimant's counsel erred in two ways: first, he failed to respond to Plaintiff's motion to strike and second, he failed to answer the complaint in accord with 18 U.S.C. § 983(a)(4) and Rule G(5)(B), Supplemental Rules for Certain Admiralty and Maritime Claims. In this Court's Omnibus Order **[DE 19]** granting Plaintiff's motion to strike, this Court granted the motion to strike, not because Claimant failed to file a response, but rather, because no answer was filed.[1] Thus, the only relevant error was counsel's failure to file an answer.

As stated in this Court's Omnibus Order **[DE 19]**:

> This action is a forfeiture action and the time limits for filing an answer is accordingly adjudicated pursuant to the Admiralty and Maritime laws. According to 18 U.S.C. § 983(a)(4) and Rule G(5)(B) of the Supplemental Rules for Certain Admiralty and Maritime Claims, a claimant must file his answer within twenty days from the date that he filed his claim. Taking the filing date most favorable to Magliarisi, May 17, 2007, the date that the revised claim was filed, the answer would have been due by June 6, 2007. It is now August and Claimant has still failed to file an answer. Failure to file an answer after having filed a claim likewise prevents a claimant from having the necessary standing to pursue the claim. *U.S. v. One Parcel of Real Estate at 3262 SW 141 Ave*, 33 F.3d 1299, 1300-01 (11th Cir. 1994)(noting that the district court granted default judgment because the claimant failed to file an answer). Moreover, although a district court does have discretion to extend the time limit to file an answer, Claimant has not asked for an extension of time nor has he satisfied any of the other factors courts consider when deciding whether to grant an extension. *1979 Mercedes*, at 353

---

[1] This Court did recognize that Claimant's failure to file a response "*may* be sufficient cause to grant the relief sought by default" but instead granted the motion on the merits. (emphasis added).

(listing the factors).

In this current motion, Claimant's counsel argues that he affirmatively did not file an answer to avoid any adverse consequences that may result in Claimant's state criminal proceedings.  Moreover, in a related case, 06-81083/RYSKAMP/Vitunac, claimant properly filed a verified claim **[DE 7]** and an answer **[DE 9]**.  Finally, in both cases, Claimant requested that this Court enter temporary stays to protect Claimant's Fifth Amendment rights.  Specifically, Claimant was worried that his rights would be violated if he were required to participate in a deposition with Plaintiff.  The stay was not granted in this case.  Taken together, these facts indicate that counsel knew the deadlines for filing an answer but purposely chose not to file an answer.

**Rule 60(b)(6)**

This issue cannot be considered under Rule 60(b)(6).  Claimant may only seek relief from final judgment under this rule to further the interests of justice if this relief will not affect the substantial rights of the parties.  When seeking relief under Rule 60(b)(6), a party must show extraordinary circumstances to justify relief.  *Gonzalez v. Crosby*, 545 US 524, 53 (2005).  This means that the party had no fault in the delay.  *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 308, 393 (1993).  If a party has any participation in the delay, relief must be sought under Rule 60(b)(1).  Moreover, claims of attorney error must be brought exclusively under Rule 60(b)(1). *Solaroll Shade & Shutter Corp. v. Bio-Energy Systems, Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986).

Here, Claimant's counsel chose not to file the answer, chose not to check the docket, and

chose not to check his file for numerous months. Thus, Claimant has some fault in the delay to answer the complaint. Thus, this Court must determine whether relief can be granted under Rule 60(b)(1).

**Rule 60(b)(1)**

To prevail under this Rule, Claimant has the burden to show that (1) he had a meritorious defense that might have affected the outcome;[2] (2) granting the motion would not result in prejudice to Plaintiff; and (3) a good reason existed for failing to answer. *Valdez v. Feltman (In re Worldwide Web Systems, Inc.)*, 329 F.3d 1291, 1295 (11th Cir. 2003). But, a defendant does not have a good reason for failing to respond to a complaint where internal procedural safeguards are missing. *Sloss Industries Corp. v. Eurisol*, 488 F.3d 922, 935-36 (11th Cir. 2007). Likewise, where a party knows that a claim has been filed against him, a court will not grant relief where he has failed to diligently ensure that his attorney is adequately protecting his interests. *Id*. at 936.

Here, it is obvious that a lack of procedural safeguards lead to counsel's failure to file a response to the Motion to Strike. Regardless, Claimant knew that a complaint had been filed as he submitted an incomplete verified claim. He must have known the time limits for submitting an answer as he filed a timely answer in the related matter. Claimant's counsel chose not to answer this complaint so as to protect Claimant's other interests. As such, it was Claimant's responsibility to ensure that his counsel adequately protected these interests. Since this was not

---

[2] The moving party cannot satisfy the burden of showing a meritorious defense simply by asserting a general denial. To establish a meritorious defense, he must "make an affirmative showing of a defense that is likely to be successful." *Solaroll* at 113. In his motion, Claimant merely states that he waited to file an answer to avoid any adverse consequences in the state case. This does not constitute a meritorious defense.

done, no relief under Rule 60(b)(1) can be granted.

Applying the foregoing principles to this case, the Court concludes that Claimant has failed to prove that this Court's entry of final judgement should be lifted.

**Conclusion**

Accordingly, it is hereby,

ORDERED AND ADJUDGED that Claimant's Motion to Reconsider **[DE 24]** is DENIED.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 24 day of October, 2007.

                                          /s/ Kenneth L. Ryskamp
                                        KENNETH L. RYSKAMP
                                        UNITED STATES DISTRICT JUDGE

Copies to:
All counsel of record